## GRAFTON GRIDLEY'S HEIRS v. ALFRED W. PHILLIPS.

### Error from Anderson County.

1. REAL ESTATE: SALE OF UNDER ADMINISTRATOR.—A deed which is executed by an agent for and instead of an administrator, and purporting to convey real estate which had been previously sold by such administrator to the said purchaser, has no validity whatever, and conveys no title; and the fact that all of the proceedings in regard to such sale were regular and authorized by law up to the making of ·such deed, will make no difference.
2. JURISDICTION OF DISTRICT COURTS THEREIN.—In such a case the district court has no jurisdiction to decree the title to be in the purchaser, notwithstanding the fact that there is no deed except as stated.
3. REVOCATION OF LETTERS OF ADMINISTRATION.—When an administrator proceeds regularly with the sale of real estate belonging to his decedent, and up to the making of · the deed to the purchaser, and then becomes a non-resident of the state, it is the duty of the probate court to revoke his letters so that another administrator may be appointed in his stead,'who may proceed with the proceedings concerning such sale until it shall be entirely concluded.
4. JURISDICTION: COURT OF EQUITY.—A court of equity cannot in; such a case carry into effect an incomplete execution of statutory power.[*]

The opinion of the court contains a full statement of the facts of the case.

*John M. Davis* and *Wm. P. Wade*, for plaintiffs in error.

*D. W. Houston*, for defendant in error.

---

[*] REAL PROPERTY: TITLE.—Where land is conveyed under special authority, that authority must be strictly pursued, and through all the successive steps necessary.

*Davis and Wade, for plaintiff in error,* submitted:

1. Administrators have no authority in relation to the sale of the real estate of decedents, which they can delegate to an agent by power of attorney or otherwise.

2. When an administrator in the State of Kansas becomes a non-resident, his authority as such is legally revoked. He can no longer use nor delegate any power. *Comp. Laws, Ch.* 91, § 54.

3. A special authority to transfer title given by statute, which is in derogation of common law, must be strictly pursued in every substantial particular. A party purchasing when such an authority has not been strictly pursued, does so at his peril. *Denning v. Smith,* 3 *Johns. Ch. R.,* 344; *Atkins v. Kennan,* 20 *Wend.,* 241; *Jackson, ex dem of Cook v. Shepard,* 7 *Cowen,* 88.

4. An administrator authorized to sell the real estate of the deceased to pay debts, acts entirely under authority conferred by statute, and to render the sale effectual he must comply with the requirements of such statute. 2 *Wash. on Real Prop.,* 338; § 141, *Ch.* 91, *Comp. Laws,* 1862.

5. Courts of equity cannot carry into effect the incomplete execution of statutory powers. *Moreau v. Detchemendy,* 18 *Mo.,* 522; *Moreau v. Branham,* 27 *id.,* 351; *Bright v. Boyd,* 1 *Story R.,* 478; 1. *Story's Equity,* § 177.

6. Where there is an entire failure by the proper party to execute the deed and the purchaser accepts one from a party not authorized to make it, in such case the law charges the party receiving the deed with a full knowledge of the facts, and if he mistakes the law he must abide the consequences. *McMurray v. The St. Louis Manuf. Co.,* 33 *Mo.,* 377; 2 *Wash. on Real Prop.,* 547.

7. The defendant in error could not create an equity

by accepting a deed from one having no authority to make it. Equity will not relieve a party from the effects of his own *laches* or ignorance of the law. *Wohlien v. Speek*, 18 *Mo*., 561.

*D. W. Houston, for defendant in error,* submitted:

1. It is admitted that the proceedings in the probate court were all regular up to the confirmation of the sale of the realty.

2. The sale of an administrator is valid when approved by the probate court, and the purchaser is then entitled to a deed. *Comp. L., Ch.* 91, § 141.

3. Where no remedy to enforce a right exists elsewhere, chancery will furnish a remedy and prevent a total failure of the right. [1 *Barb.*, 189, 217.] So where the remedy is doubtful at law. 1 *Vesey*, 416; 10 *Johns.*, 595; *Limestone Ins. Co. v. Fisk*, 1 *Paige*, 90; 1 *id.*, 102.

4. *Bona fide* purchasers at judicial sales, made by the order of courts having jurisdiction, are always protected where the proceedings are not void, but only voidable, and courts should be liberal in sustaining such sales. 1 *Paige*, 90.

5. As to general powers of courts of equity over proceedings at law. *See Earl of Oxford's Case*, 3 *Lead. Cas. in Eq.*, 156.

6. Where an intention to execute a power is shown to have existed, the court will operate on the conscience of the heir, to make him perfect that intention. *Tollet v. Tollet*, 1 *Lead. Cas. in Eq.*, 284; *Barr v. Hatch*, 3 *O.*, 529, 539; 3 *Edw. Ch.*, 175.

7. Where the power is accompanied with a trust, courts of equity will enforce the execution of the power. *Gibbs v. Marsh*, 2 *Metc.*, 251; *Brown v. Higgs*, 8 *Vesey*, 569, 574.

*By the Court,* SAFFORD, J.

The defendant in error filed his petition in the district court of Anderson county, setting forth, as follows, to-wit: That Grafton Gridley, late of Anderson county aforesaid, died leaving certain real and personal property in said county; that James G. Smith was appointed administrator of the estate of the said Gridley, deceased, and that he legally qualified as such; that under and by virtue of the proper orders of the probate court of said county, duly published and executed by him, the said administrator did sell and deliver to the said defendant in error, certain pieces of the lands in said county, belonging to the estate of said Gridley, deceased, which are fully described in said petition; that subsequently the sale to him of said lands was duly confirmed by the probate court of said county at a special term thereof, and the administrator ordered to make a deed conveying the lands so sold as aforesaid, to the said defendant in error. The petition further sets forth that the said administrator, James G. Smith, did not execute the deed, as he was ordered to do, as aforesaid, and that he had left the State of Kansas. It is further shown that one G. W. Arrel did attempt to convey the said real estate to the purchaser, this defendant in error, for, instead of, and as the agent and attorney in fact of the said James G. Smith, administrator as aforesaid. Upon the facts thus set up in the petition, the court was asked to decree the title of said lands to be in the defendant in error, and that the heirs of the said Grafton Gridley be forever barred from setting up title thereto. Service upon the heirs aforesaid was made by publication, but no appearance was made by them or in their behalf.

Upon the hearing of the case, the court found the facts as follows, to-wit: That the land in question was deeded to the defendant in error by G. W. Arrel, agent of the administrator of the estate of Grafton Gridley, deceased; that the proceedings in the sale aforesaid were all regular, except that the deed was executed and acknowledged by an agent, and the consideration paid. Thereupon the court rendered judgment as follows, to-wit: It is therefore adjudged and decreed by the court that the title to said lands is in the plaintiff, A. W. Phillips, the defendant in error, as truly as though the said deed had been made by the proper administrator, and that the defendants are forever barred from setting up any title to the same, and that plaintiff pay the costs, etc.

JURISDICTION: OF District Court with lands of decedents. We are satisfied that the court below had no jurisdiction to render this judgment, and this conclusion has been the result of a careful consideration of such authorities, bearing upon the questions involved, as we have been able to meet with.

DEED OF AGENT of Administrator, void. In the first place, it is to be observed that there is no claim that the deed, which was executed by the *agent* of the administrator, was of any validity whatever; and, indeed, the whole of the proceedings below were based upon this assumption, which we take to be true. Considering, then, that the findings of the court, as to the regularity of the proceedings in the probate court were correct, the position of the plaintiff Phillips, at the commencement of his suit, and since the proceedings in the probate court, so far as his title or claim to the real estate in question, was concerned, was this: He was entitled to a deed from the administrator therefor, but the administrator not only had failed to give such deed, but as the petition alleges, and as was doubtless found by the court, though not stated,

he had left the state, and was consequently removed and for all that appears, has since remained beyond the jurisdiction of the probate and district courts thereof; so that he could not be reached by any process, compelling him to perform the order of the probate court. If the administrator had still continued to reside in Anderson county, and had refused to make a deed as ordered by the probate court, it is doubtless true that if all the preliminary requisites had been complied with, he might have been compelled to so make the deed. But as it was the most that could be done as to him, was to revoke his letters of administration, and this it was the duty of the probate court to do. § 54, *Ch.*, 91, *Comp. L.*, 1862.

ADMINISTRATOR "De bonis non." Had this course been pursued, another administrator might have been appointed and qualified; and he would have had an undoubted right to proceed with the proceedings for the sale of the real estate, from the point where it was left by his predecessor, until it should have been entirely concluded. [§ 40, *Ch.* 91, *Comp. L.*, 1862; 23 *Ills. R.*, 632.] It is plain that this course ought to have been adopted in this case, as affording a direct and easy way out of all difficulties which surrounded it.

The application to the district court was such as the law does not favor in such a case; and, as before remarked, that court could not take jurisdiction.

The authorities are not a few upon the point that where land is conveyed under a special authority, that authority must be strictly pursued, and through all the successive steps necessary to be taken. [2 *Wash. on Real Prop.*, 570, *and cases cited.*] In this case, therefore, it was necessary that an administrator's deed should have been made, or some equivalent proceeding had, in order

to vest the title to the land, in question, in the purchaser; and it was not competent for the district court to attempt to supply the defect by decreeing the title to be in said purchaser, notwithstanding the fact that no deed had ever been made as required by law.

This was an effort on the part of the court, to carry into effect an incomplete execution of statutory power, which it could not do. 1 *Story R.*, 478–487, *and cases there cited.*

In order to correct a misapprehension, which seems to have existed in the mind of the counsel for plaintiff below, it may be well to observe that the bill, in this case, was neither a bill to remove a cloud upon the title of the defendant in error to the real estate in question, nor one to quiet his title thereto, inasmuch as it is shown that he had no title; but the object of the bill was to obtain title.

The judgment of the district court is reversed.

All the justices concurring.